# (February 26, 1968)

ACADEMY STREET REALTY CORPORATION, Appellant, v. ANNETTE I. YOUNG et al., Defendants, and JOHN R. WEATHERBY et al., Respondents. (Action No. 1.) ACADEMY STREET REALTY CORPORATION, Appellant, v. TOWN OF POUGHKEEPSIE, Respondent. (Action No. 2.) — Order of the Supreme Court, Dutchess County, dated April 12, 1967, which denied plaintiff's motion for consolidation of the actions or a joint trial thereof or for alternative relief,

reversed, with one bill of $10 costs and disbursements, payable jointly by defendants filing separate briefs, and motion granted to the extent of directing a joint trial of both actions and otherwise denied. In action No. 1 plaintiff seeks judgment, *inter alia*, declaring void and canceling of record a restrictive covenant in its deed to the property in suit, which covenant would prohibit any business use of the property. In action No. 2 plaintiff seeks to enjoin the defendant Town of Poughkeepsie from enforcing an amendment to its zoning ordinance which changed the zoning classification of plaintiff's property from "D-4, roadside commercial" to "A residence district". In its answer in action No. 2 the defendant town alleged, as a second affirmative defense, that plaintiff's land is subject to the restrictive covenant mentioned above and hence plaintiff suffered no immediate irreparable injury, since it could not use its premises for business purposes even if the zoning ordinance were to permit such use. Although "the efficacy of a private restriction is quite a different matter from that of a public zoning" (*Matter of Isenbarth* v. *Bartnett*, 206 App. Div. 546, 548, affd. 237 N. Y. 617), we find that the defendant town, by pleading its second affirmative defense in action No. 2, introduced into that action every question of law and fact presented in action No. 1. Under these circumstances the denial of a joint trial was in our opinion an improvident exercise of discretion (cf. CPLR 602, subd. [a]). Beldock, P. J., Christ, Brennan, Hopkins and Munder, JJ., concur.